IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOSE NIÑO JR. | § | |
| v. | § | CIVIL ACTION NO. 6:17cv264 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Jose Niño Jr., proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Niño was convicted of the disciplinary offense of refusing to accept a housing assignment on three separate occasions, March 23, April 6, and April 19, 2017. He also asserted claims not cognizable in habeas corpus, including allegations that prison officials were deliberately indifferent to his safety and that his placement in segregation denies him adequate access to court.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition for habeas corpus relief be denied because Niño did not demonstrate that any constitutionally protected liberty interests were infringed by the punishments imposed in the disciplinary proceedings at issue. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The Magistrate Judge also recommended that Niño's non-habeas claims be severed into a separate civil rights lawsuit. *See Birl v. Thaler*, 470 F.App'x 362, 2012 U.S. App.

LEXIS 9259, 2012 WL 1578921 (5th Cir., May 7, 2012) (where petition contains habeas and non-habeas claims, the claims should be separated in order that the non-habeas claims may be entertained).

A copy of the Magistrate Judge's Report was sent to Niño at his last known address, return receipt requested, but no objections have been received; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED** with prejudice. It is further

**ORDERED** that the Petitioner Jose Niño Jr. is **DENIED** a certificate of appealability *sua sponte*. It is further

**ORDERED** that the Petitioner's claims of deliberate indifference to his safety and denial of access to court are **SEVERED** into a new §1983 civil rights (cause of action code 550) lawsuit. The Clerk shall assign a new civil action number to this lawsuit and the original petition in the present case shall serve as the complaint. A copy of this order shall be docketed in the new lawsuit as an Order of Severance. It is further

**ORDERED** that the Petitioner Jose Niño Jr. shall have 30 days from the date of entry of this order in which to file an amended complaint concerning his claims of deliberate indifference to his safety and denial of access to court. This amended complaint shall be filed using the standard §1983 lawsuit form which is available in the law library. Niño shall also either pay the statutory $400.00 filing fee or file an application for leave to proceed *in forma pauperis*, accompanied by an inmate trust account data sheet from the law library, within this same 30 day time frame. Should he fail to comply, this new lawsuit may be dismissed for failure to prosecute or to obey an order of the Court. Finally, it is

**ORDERED** that any and all other motions which may be pending in Niño's habeas petition are **DENIED**.

So **ORDERED** and **SIGNED** January 31, 2019.

_____
Ron Clark, Senior District Judge